AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Bianca Gress (312) 353-6630

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION


FILED
10/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RENE RAMIREZ | CASE NUMBER: 1:25-cr-00644 |

## CRIMINAL COMPLAINT

     I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about June 9, 2022, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, RENE RAMIREZ, defendant herein, violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326(a). | reentry of removed alien, by being present and found in the United States after having been previously removed on or about September 3, 2012, April 4, 2013, and November 28, 2014 was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Wesley Andring*
Wesley Andring,
Special Agent, Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 7, 2025

*Heather K. McShain*
*Judge's signature*

City and state: Chicago, Illinois

HEATHER K. MCSHAIN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

AFFIDAVIT

I, Wesley Andring, being duly sworn, state as follows:

1. I am a Special Agent within the United States Department of Homeland Security under Homeland Security Investigations and have been so employed since August of 2020. I have worked in investigative units responsible for Money Laundering / Drug Traffic Organizations, violent crimes and violators of immigration laws. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens. Prior to my tenure with Homeland Security Investigations, I was employed as a Border Patrol Agent with the United States Border Patrol for approximately seven years where I received immigration training and enforced United States immigration laws.

2. This affidavit is submitted in support of a criminal complaint alleging that Rene RAMIREZ has violated 8 U.S.C. § 1326(a), reentry of removed alien, by being present and found in the United States after having been deported. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging defendant with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that defendant committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by Immigration and Customs Enforcement (ICE), other components of the Department of Homeland Security (DHS), and other government agencies.

4. According to DHS records, defendant is a native and citizen of Honduras and has no claim to United States citizenship or lawful residence. DHS records reflect that defendant was born in Honduras in 1979.

5. DHS records reflect that defendant originally entered the United States at Nogales, Arizona, on or about 2012, and did not present himself to immigration officials seeking admission and was not lawfully admitted to the United States.

6. On or about August 14, 2012, RAMIREZ was arrested by Customs and Border Protection for illegal entry under Section 101(a)(43)(O) of the Immigration and Nationality Act. Following his arrest, RAMIREZ was fingerprinted. The fingerprints taken were uploaded into NCIC and used to create Ramirez's FBI Number.

7. DHS records reflect that on or about August 15, 2012, RAMIREZ was ordered removed from the United States by an immigration official in Nogales, Arizona, and on or about September 3, 2012, defendant was deported from the United States to Honduras at or near Phoenix, Arizona.

8. Based on DHS records, RAMIREZ has not obtained permission to reenter the United States at any time after his removal by immigration officials on or about September 3, 2012.

9. According to DHS records, on or about February 27, 2013, RAMIREZ reentered the United States without permission from an immigration official. On or about March 1, 2013, RAMIREZ's prior order of removal was reinstated by an immigration official in Naco, Arizona and prohibited from reentering the United States for a period of twenty years. DHS records reflect on or about April 4, 2013, RAMIREZ was deported from the United States to Honduras at or near Phoenix, Arizona.

10. On or about September 28, 2014, RAMIREZ was arrested for a traffic offense in Palatine, Illinois.

11. Based on DHS records, RAMIREZ reentered the United States at an unknown place and unknown time after his 2013 removal without permission from an immigration official. According to DHS records, on or about October 1, 2014, RAMIREZ's prior order of removal was reinstated by an immigration official in Chicago, Illinois. DHS records reflect on or about November 28, 2014, RAMIREZ was deported to Honduras from the United States at or near New Orleans, Louisiana.

12. On June 9, 2022, RAMIREZ was arrested by the Joliet Police Department for domestic battery and interfering with the reporting of domestic violence, and was fingerprinted. The NCIC database indicated that the June 9, 2025 fingerprints matched with RAMIREZ's FBI Number.

13. On or about August 23, 2023, RAMIREZ was convicted of Battery/Makes Physical Contact in Joliet, Illinois and sentenced to twenty-four months of supervision, a $669 fine and/or costs, and medical/mental care.

14. Based upon the foregoing, I respectfully submit that there is probable cause to believe that RAMIREZ, being an alien who previously had been deported and removed from the United States on or about September 3, 2012, April 4, 2013, and November 28, 2014 was present and found in the United States on or about June 9, 2022 without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NOT.

*Wesley Andring*
WESLEY ANDRING
Special Agent,
Homeland Security Investigations


SUBSCRIBED AND SWORN to before me by telephone on October 7, 2025.

*Heather K. McShain*
Heather K. McShain
United States Magistrate Judge

5